IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 10-30221-GPM |
| ) | |
| MICHELE JASON CLARK, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court April 4, 2011 for hearing on Defendant Michele Jason Clark's motion to suppress evidence (Doc. 18). Mr. Clark argues that the evidence seized from his residence at 3022 Glenwood Avenue, Alton, Illinois, and the laptop seized from his place of employment must be suppressed because the search warrant was not supported by probable cause. Mr. Clark also argues that there was no nexus between his residence and his brother's residence to support the seizure of evidence. Mr. Clark requested a *Franks* hearing, claiming that the search warrant affiant omitted material information. *See Franks v. Delaware,* 438 U.S. 154, 155-56 (1978). The Court held a hearing adducing evidence on the veracity of the affidavit and the probable cause supporting the warrant. There was no material omission from the affidavit and there was probable cause to support the warrant for seizure of evidence from Mr. Clark's residence. The motion to suppress evidence is therefore DENIED.

On April 23, 2010, Mr. Clark's sister-in-law, Danielle Clark, reported that her four-year-old daughter had been sexually abused by Mr. Clark at her residence, 3952 Torch Club Road, Alton,

Illinois. According to Ms. Clark's report, subsequent interview, and the Child Advocacy interview of her daughter, Mr. Clark entered the Torch Club residence after Ms. Clark left for the evening. Before arriving, Mr. Clark text Ms. Clark to see if she was home. When Ms. Clark informed Defendant that she was not home, he entered the Torch Club Road residence, where his brother Matthew Clark and his niece were sleeping, through a kitchen window. Though Ms. Clark's daughter had been in bed wearing pajamas when Ms. Clark left, she arrived home to find her daughter on the couch, wearing only underwear. Ms. Clark overheard Mr. Clark telling her daughter to be quiet and that he would come back and buy her a bird. Ms. Clark's daughter reported that Mr. Clark had taken off her pajamas; rubbed her head, back, legs, breasts, vagina, and buttocks; told her how pretty her buttocks were; shown her his penis; and had her touch his penis. After Mr. Clark left the 3952 Torch Club address, he sent a text message to Ms. Clark apologizing for "everything" and promising not to bother "her" again.[1] Ms. Clark's daughter also reported that she had seen Mr. Clark touch the penis of D.S, the nine-year-old son of Ms. Clark's friend. Another friend of Ms. Clark's reported that Mr. Clark made her six-year-old daughter watch pornography on the computer and asked her to disrobe.

Ms. Clark stated that Mr. Clark had lived at 3952 Torch Club with herself, her husband Matthew Clark, and their daughter until they kicked the Defendant out of the house for watching pornography and drinking excessively. At the time of the alleged sexual assault of his niece, Mr. Clark resided at 3022 Glenwood, Alton, Illinois. There is no indication that molestation of any of the three children took place at the 3022 Glenwood address. When investigators interviewed Mr.

---

[1] As noted below, the texts were sent via Mr. Clark's Yahoo messaging account. There is no indication from any party that Mr. Clark sent his Yahoo messages from a phone. The unescapable inference is that Mr. Clark sent the messages from a computer in his residence.

Clark, he admitted to sending the 'apology' text to Ms. Clark via Yahoo instant messaging. He confirmed that he did use the software program Limewire to download music, and that there were three computers in his 3022 Glenwood residence.

Use of Limewire at the 3022 Glenwood residence matters for the purposes of probable cause to search the 3022 Glenwood residence, in part, because of an October 2008 FBI child pornography investigation targeting 3952 Torch Club Road. Detective David Vucich, the affiant for the April 26, 2010 Madison County search warrant, averred that the October 2008 investigation revealed child pornography distribution via Limewire from a subscriber at 3952 Torch Club. This occurred during the time that Mr. Clark resided at 3952 Torch Club.

Turning first to the *Franks* issue, Mr. Clark argues that Detective Vucich intentionally omitted the following facts from his affidavit: (1) that Matthew Clark, not Defendant, was the IP address subscriber at 3952 Torch Club Road during the time of the October 2008 child pornography investigation; (2) that Michele Clark told law enforcement that none of the three computers that were seized (Dell Inspiron from work and two computers from 3022 Glenwood Ave.) were used at 3952 Torch Club during the time of the October 2008 child pornography investigation; and (3) that Danielle Clark and Matthew Clark continued to possessed the computer that had been in 3952 Torch Club Road during the time of the investigation.

Under *Franks,* "if a defendant can demonstrate by a preponderance of the evidence that the signatory of the warrant affidavit made a false statement (or omitted a material fact) either intentionally or with reckless disregard for the truth, then a court will consider whether the content of the affidavit, setting aside the false material (or including the omitted material), is sufficient to establish probable cause. If it is not, the search warrant must be voided and the fruits of the search

excluded. And concomitantly, no good-faith exception can then apply." *United States v. Merritt,* 361 F.3d 1005, 1010 (7th Cir. 2004) (internal citations omitted), *vacated on other grounds by Merritt v. United States,* 543 U.S. 1099, 1099 (2005). Here, Mr. Clark argues that Detective Vucich intentionally (or with reckless disregard for the truth) omitted the above three facts, but cannot establish perjury or reckless disregard by a preponderance of the evidence. *see Franks,* 438 U.S. 154, 156 (1978). At the hearing, Detective Vucich acknowledged that the above facts were not in his affidavit. However, the content of the affidavit does not suffer from these omissions, as these are not material facts. The affidavit does include information that other computer users were living at 3952 Torch Club Road during the time of the child pornography investigation. That Matthew Clark was the IP subscriber (i.e., paid the bill) does not make it any less likely that Michele Clark was the computer-user possessing or distributing child pornography. Further, if Mr. Clark told investigators that the three computers in his possession were not at 3952 Torch Club Road during October 2008, it was still probable that he continued to view child porn on his other computers. *See United States v. Prideaux-Wentz,* 543 F.3d 954, 961 ("Because the warrant connected [defendant] to several email accounts responsible for uploading or possessing child pornography, we cannot say that it required too much of an inferential leap to conclude that [defendant] might be a collector of child pornography.").

The affidavit need not be considered with the omitted material included, but even with that information, there was probable cause to issue a search warrant. Mr. Clark protests the breadth of the warrant, alleging: (1) there was no nexus between the alleged sexual assault at 3952 Torch Club Road and his residence at 3022 Glenwood; and (2) there was no probable cause that *child pornography* would be found. "[A] finding of probable cause does not require direct evidence

linking a crime to a particular place," but there are, in fact, connections to 3022 Glenwood here. *United States v. Watzman,* 486 F.3d 1004, 1008 (7th Cir. 2007) (internal citations omitted). The potentially incriminating 'apology' text was likely sent from Mr. Clark's home computer. The existence of any pornography on Mr. Clark's computers was relevant, as pornography can be indicative of 'grooming' a child for sexual assault–especially in this instance where a child reported that Mr. Clark showed her pornography before telling her to disrobe. It is fairly probable that Mr. Clark's apparent proclivity for using live children for his sexual gratification makes him more likely to possess graphic depictions of children for his sexual gratification. Detective Vucich averred that there is often a connection between sexual offenses and possession of child pornography. Moreover, Mr. Clark is suspected of possessing child pornography during the October 2008 investigation. Detective Vucich averred that possessors of child pornography often hoard their collections over long periods of time, so it was probable that Mr. Clark had child pornography at his new address.

Mr. Clark argues that the October 2008 information is too stale to form the basis for the April 2010 warrant. However, "[t]he age of information contained in an affidavit is only one factor a judge considers, and it is less important when the criminal activity in question is apparently continuous." *Watzman,* 486 F.3d at 1008. The information here indicates that Mr. Clark's use of child pornography was likely continuous. While the Seventh Circuit has found that four-year-old information was too stale to support probable cause for a child pornography warrant, the Court also declined to find that two to four-year-old evidence was stale as a matter of law. *Prideaux-Wentz,* 543 F.3d at 958-959. The information resulting from the child pornography investigation eighteen months prior to the warrant here was not stale.

In short, the affiant did not impermissibly omit information from the affidavit; the affidavit

established a nexus to Mr. Clark's residence; the affidavit made it fairly probable that evidence of child pornography would be found at Mr. Clark's residence; and the warrant was supported by probable cause. Probable cause requires "only a probability or substantial chance that evidence may be found," and, here, the affidavit supported such a likelihood. *United States v. Sidwell,* 440 F.3d 865, 869 (7th Cir. 2006). Based on the totality of circumstances, probable cause existed and the warrant was valid. *See United States v. Watts,* 535 F.3d 650, 656 (7th Cir. 2008). Mr. Clark's motion to suppress is DENIED.

**IT IS SO ORDERED.**

DATED: April 7, 2011

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge