IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 10-CR-30221-NJR-1 |
| MICHELE JASON CLARK, | |
| Defendant. | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Pending before the Court is Defendant Michele Jason Clark's Motion Requesting Credit for Time Served (Doc. 71), a supplement to that motion filed by his counsel (Doc. 73), and a Motion to Dismiss the underlying motion filed by the Government (Doc. 74).

Clark asks this Court to direct the Bureau of Prisons ("BOP") to give him credit for time that he served in United States Marshals Service custody while awaiting sentencing in the underlying case from December 28, 2010, to January 23, 2012, which amounts to a total of 12 months and 28 days. The attached exhibits from both the original motion and the supplement indicate that during this time period, Alton City Jail held Clark for the United States Marshals Service.[1] On September 12, 2011, the Court sentenced Clark to

---

[1] Unfortunately, this is a recurring problem the undersigned sees in criminal cases with respect to sentences imposed when a defendant has a pending state matter. Because Clark was in federal custody in this case on a state writ, he was considered to be in the primary jurisdiction of the state the entire time. But it does not appear the pretrial time he spent in the custody of the United States Marshals Service (approximately 13 months) was credited towards either his state or federal sentence.

120 months' imprisonment on one count of possession of child pornography in violation of 18 U.S.C. §§ 2252(a)(4)(B) and (b)(2) (Doc. 43).[2]

Clark seeks credit for prior custody, presumably under 18 U.S.C. § 3585(b). Credit for a federal sentence based on time previously served, which is authorized by § 3585(b), cannot be calculated at the time of sentencing. *See United States v. Wilson,* 503 U.S. 329, 334 (1992). The statute contemplates computation of the credit by the Attorney General after the sentence has commenced. *Id.* at 333-34. "After a district court sentences a federal offender, the Attorney General, through the [BOP], has the responsibility for administering the sentence." *Id.* at 335. Requests for credit for time previously served must be made initially through the BOP's administrative channels. *Id.* Prisoners may then seek judicial review of the BOP computation in a district court only "after exhausting their administrative remedies." *Id.* To seek this review, a prisoner may file a 28 U.S.C. § 2241 petition challenging the BOP's determination. *United States v. Koller,* 956 F.2d 1408, 1417 (7th Cir. 1992); *see also Romandine v. United States,* 206 F.3d 731, 736 (7th Cir. 2000). Such a petition must be filed in the district where the prisoner is incarcerated and only against the warden of that prison. *United States v. Strickland*, 310 F. App'x 32, 34 (7th Cir. 2009).

Here, Clark has failed to comply with the procedures established by precedent. Clark filed what the Clerk of Court properly construed to be a motion in his criminal case and, in that motion, he has not indicated any exhaustion of his administrative remedies.

---

[2] Clark was sentenced by District Judge G. Patrick Murphy, who retired from federal judicial service in December 2013. Thus, his case was reassigned when this motion was filed.

This gives the Court suspicion that Clark believed he could get by without paying the requisite fee for filing a habeas petition, but, regardless, it is clear that the Court cannot just order the BOP to give him credit for the time he served in the custody of the Marshals Service while awaiting sentencing.

Accordingly, the Court **DENIES** Michele Jason Clark's Motion Requesting Credit for Time Served (Doc. 71) and the Supplemental Motion Credit for Time Spent in Jail (Doc. 73) and **GRANTS** the Government's Motion to Dismiss (Doc. 74).

**IT IS SO ORDERED.**

DATED:   May 21, 2020

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**